IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ROY B. CHATT**,

**Petitioner,**

**v.**

**UNITED STATES OF AMERICA,**

**Defendant.**                                            **No. 11-0644-DRH**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is the government's August 3, 2011 motion to dismiss Chatt's motion to vacate, set aside, or correct sentence (Doc. 2). The government argues that Chatt waived his right to bring this collateral attack. As of this date, Chatt has not responded to the motion.[1] Based on the following, the Court grants the motion and dismisses with prejudice Chatt's 28 U.S.C. § 2255 petition.

On March 17, 2009, the grand jury returned a three-count indictment against Chatt charging him with unlawful possession of a firearm by a previously convicted felon; possession with intent to deliver cocaine base and possession of a firearm in furtherance of a drug trafficking crime. See *United States v. Chatt*, 09-30018-DRH; Doc. 1. On August 21, 2009, Chatt pled guilty to the charges contained in the indictment. *Id*. at Docs. 30 & 31. On December 4, 2009, the Court sentenced Chatt to 60 months imprisonment on Count 1, and 202 months imprisonment on Count

---

[1] Local Rule 7.1(c)(1) provides in part: An adverse party in a civil case shall have **30 days** after service of a motion listed above to file a response. Failure to timely file a response to a motion, may in the Court's discretion, be considered an admission of the merits of the motion.

2, to run concurrently, and 60 months on Count 3, to run consecutively to the sentences imposed in Counts 1 and 2. *Id*. at Doc. 39. Judgment reflecting the same was also enter that day. *Id*. at Doc. 41.

On December 15, 2010, the parties filed a notice of defendant's waiver of appeal and other rights in return for the government filing a Rule 35 motion. *Id*. at Doc. 43. This waiver also included a waiver of Chatt's rights to file a post-conviction motion pursuant to Title 28. Thereafter, the government filed a Rule 35. *Id*. at Doc. 45. Chatt filed a response to the Rule 35 agreeing with the government's motion. *Id*. at Doc. 47. On July 26, 2010, the Court granted the Rule 35 and reduced Chatt's sentence to a term of 175 months. *Id*. at Doc. 48. Chatt did not appeal his sentence or conviction.

On July 26, 2011, Chatt filed this petition pursuant to 28 U.S.C. § 2255 (Doc. 1). In his petition, Chatt alleges a slew of problems with his conviction: that his plea of guilty was unlawfully induced or not made voluntarily; his conviction was obtained through coercion; his conviction was obtained by use of evidence gained by an unconstitutional search and seizure; his conviction was obtained by use of evidence obtained by unlawful arrest; his conviction was obtained by a violation of the privilege against self incrimination; his conviction was obtained by the government's failure to disclose favorable evidence to defendant; his conviction was obtained in violation of the protection against double jeopardy; his conviction was obtained by action of a grand jury which was unconstitutionally selected; denial of effective assistance of counsel; and denial of right of appeal.

Based on the following, the Court finds that Chatt waived his right to file this

§ 2255 petition. Chatt entered into an agreement with the government in an attempt to benefit himself. In exchange for the benefits he received, he waived his right to a collateral attack under Section 2255. Specifically, the agreement provides in relevant part:

> The Defendant is aware that Title 18, Title 28 and other provisions of the United States Code afford every defendant limited rights to contest a conviction and/or sentence. Acknowledging all this, and in exchange for the filing of a Rule 35 by the United States, **the Defendant knowingly and voluntarily waives the right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law**, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater), **the Defendant reserves the right to appeal the reasonableness of the sentence**. The Defendant acknowledges that in the event such an appeal is taken, the Government reserves the right to fully and completely defend the sentence imposed, including any and all factual and legal findings supporting the sentence, even if the sentence imposed is more severe than that recommended by the Government. Defendant knowingly and voluntarily waives the right to seek a pardon, whether before or after his release from custody.

*United States v. Chatt*, 09-30018-DRH; Doc. 43 (emphasis added).

The Seventh Circuit has found these types of waivers to be valid. The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary. *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 520 U.S. 1281 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995). *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995). A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for instance, the defendant's race or gender) or if the judge sentenced the

defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190. Further, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable, and should be treated no differently than the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). Indeed, the Seventh Circuit specifically has stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997); *Feichtinger*, 105 F.3d at 1190. *See also United States v. Woods*, 581 F.3d 531, 534 (7th Cir. 2009); *United States v. Emerson*, 349 F.3d 986, 988 (7th Cir. 2003).

There is no basis in the record for avoiding this waiver. His petition does not assert that the waiver was a result of ineffective assistance of counsel or that he did not knowingly and voluntarily agree to the waiver. Thus, the waiver provisions contained in the agreement between Chatt and the government are enforceable and Chatt has waived his right to bring this § 2255 petition.

Accordingly, the Court **GRANTS** the Government's motion to dismiss (Doc. 2). The Court **DISMISSES with prejudice** Chatt's 28 U.S.C. § 2255 petition. The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 23rd day of September, 2011.

Digitally signed by David R. Herndon
Date: 2011.09.23 10:50:29 -05'00'

**Chief Judge**
**United States District Court**